UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HENRIKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO,<br><br>　　　　　Defendant. | No. 2:13-cv-01425-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff Eric Henrikson ("Plaintiff") sustained serious injuries in a 2005 Sacramento Sheriff's Department helicopter accident.  He subsequently obtained a $26 million recovery from Turbomeca, the French company that manufactured the helicopter involved.  Through the present lawsuit, Plaintiff seeks to prevent his former employer, Defendant County of Sacramento ("County" or "Defendant"), from asserting credit rights against Plaintiff's workers' compensation benefits commensurate with the extent of Plaintiff's net personal injury recovery against Turbomeca.  The County claims its credit in that regard obviates any obligation on its part to pay these benefits.  Plaintiff, on the other hand, asserts that the County has already waived its credit rights as a result of its agreement to waive any right of recovery against the settlement proceeds Plaintiff received from Turbomeca.

The County now moves to dismiss Plaintiff's Complaint pursuant to both Federal Rule of Civil Procedure 12(b(1), (b)(5), (b)(6) and (b)(7)[1] on grounds that the waiver of any lien rights against the settlement proceeds does not extend to the workers' compensation credit rights now at issue. As set forth below, the Court finds that it lacks subject matter jurisdiction to hear this matter and therefore grants Defendant's Rule 12(b)(1) motion.

## BACKGROUND

Plaintiff was the sole survivor of the underlying helicopter accident, which occurred on July 13, 2005. He sustained multiple blunt force injuries, brain damage, and was comatose for more than a month. Plaintiff remains on a 100 percent disability status and received permanent disability benefits through his employer, Defendant County of Sacramento, until May 8, 2013, when the County filed a Petition for Credit for Third-Party Settlement before the California Workers Compensation Appeals Board ("WCAB"). According to Plaintiff, the County terminated his disability benefits, including medical treatment that same day. Plaintiff subsequently filed this lawsuit on July 16, 2013, in an attempt to dismiss the County's Petition for Credit and reinstate his disability and medical benefits.

Plaintiff's initial federal lawsuit against Turbomeca was filed on July 13, 2006. That case was assigned to another judge in this District, William B. Shubb("Judge Shubb"). On September 18, 2006, the County asserted a lien, pursuant to California Labor Code section 3850, et seq., against any recovery by Plaintiff in the Turbomeca action in order to recover worker's compensation benefits it had paid to and on behalf of Plaintiff. The County also moved to intervene in Plaintiff's personal injury action more than nine months later, on June 11, 2007.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

2

1  Plaintiff opposed that intervention request on timeliness grounds. Judge Shubb
2  ultimately denied the County's Motion.
3      On or about April 25, 2008, Plaintiff reached settlement with Turbomeca for
4  $26 million.[2] As part of that settlement, the County agreed to withdraw its lien request. A
5  stipulation to that effect was prepared by the County's counsel, Charleton Pearse[3]
6  Judge Shubb approved the stipulation and incorporated it within the Order he signed on
7  June 20, 2008 ("Judge Shubb's Order"). That Order includes the following language with
8  respect to the County's lien:  Lien claimant [County] permanently waives any and all lien
9  rights and/or other rights of recovery that it might have against the Plaintiff's settlement
10  recoveries herein." Pl.'s Compl., Ex. F, 3:2-4.
11      Under the terms of Judge Shubb's Order, the County was free "to assert and
12  prosecute its [own] reimbursement claim" against Turbomeca. Id. at 2:18-20. The
13  County's lawsuit in that regard had already been filed on July 13, 2007. On or about
14  April 13, 2012, the County settled its claim against Turbomeca for workers'
15  compensation benefits in the amount of $1,500,000.
16      As indicated above, although the County had been paying Plaintiff workers'
17  compensation disability benefits for nearly five years, the County discontinued those
18  payments on Mary 8, 2013, and petitioned the WCAB for credit commensurate with the
19  net third-party settlement benefits that Plaintiff received.  In filing the present action,
20  Plaintiff alleges that the County's lien waiver, as delineated above, extends to the credit
21  rights now being asserted through the WCAB.  According to Plaintiff, those rights are a
22  form of recovery against his settlement proceeds which he argues have already been
23  decided by Judge Shubb.   Plaintiff accordingly argues that the County is precluded from
24  asserting any credit rights in the face of its prior lien waiver and opposes Defendant's
25  Motion on that basis.

---

[2] Judicial notice requests have been filed on behalf of both Plaintiff and Defendant pursuant to Federal Rule of Evidence 201.  Those requests are unopposed and are granted.

[3] Mr. Pearse and his firm, Lenahan, Lee, Slater and Pearse, also represent the County in the present matter.

3

## STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Ruoe 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true and determine whether they establish subject matter jurisdiction.

///

Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).  In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id.  However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations."  Thornill, 594 F.2d at 733 (internal citation omitted).  The party opposing the motion has the burden of proving that subject matter jurisdiction does exist and must present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.

1   Rather, "the consideration of prejudice to the opposing party . . . carries the greatest
2   weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).
3   Dismissal without leave to amend is proper only if it is clear that "the complaint could not
4   be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048,
5   1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005));
6   Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need
7   not be granted where the amendment of the complaint . . . constitutes an exercise in
8   futility . . . .")).

## ANALYSIS

12  Defendant County's Motion hinges on whether the lien waiver approved by Judge
13  Shubb in 2008 with respect to the County's right to make claims against Plaintiff's
14  Turbomeca settlement proceeds also waives any credit rights the County can assert with
15  respect to ongoing workers' compensation benefits.  Plaintiff specifically premises the
16  jurisdiction of this Court on its ancillary jurisdiction to effectuate its own prior orders and
17  judgments. Pl.'s Opp'n at 2:14-15.  A federal court my exercise such ancillary
18  enforcement jurisdiction to prevent a state court proceeding from contravening a decree
19  that the federal court has already issued. See, e.g, Berman v. Denver Tramway Corp.,
20  197 F.2d 946, 950 (10th Cir. 1952).
21  Defendant argues that Judge Shubb's Order arose out of the County's motion to
22  impress its lien in Plaintiff's personal injury action against Turbomeca, an action that had
23  nothing to do with credit rights under California's workers' compensation law.  Defendant
24  maintains that because credit rights were neither at issue nor at risk in the underlying
25  lawsuit, such rights were simply not properly before the Court and could not have been
26  encompassed by the County's lien waiver.
27  ///
28  ///

1   Defendant points out that had the motion underlying Judge Shubb's Order been actually
2   adjudicated, the only potential outcome would have been either recognition or non-
3   recognition of the County's lien entitlement, not any decision with respect to credit rights
4   under workers' compensation.  Defendant additionally argues that Judge Shubb would
5   not have issued an order with respect to credit rights in any event because the
6   adjudication of such rights is a matter within the exclusive jurisdiction of the WCAB.  See
7   Slayton v. Wright, 271 Cal. App. 2d 219, 230-31 (1969). California law specifically
8   empowers the WCAB to credit against an employer's liability for compensation such
9   amount as an employee obtains by way of judgment against a third-party tortfeasor,  Cal.
10  Labor Code § 3861; Slayton, 271 Cal. App. 2d at 230-31.

11         Plaintiff's Complaint premises this Court's subject matter jurisdiction over the
12  present controversy on either the All Writs Act, 28 U.S.C. § 1951, the Anti-Injunction Act,
13  28 U.S.C. § 2283, the Declaratory Judgment Act, 28 U.S.C. §2201, or in accordance
14  with the court's supplemental jurisdiction under 28 U.S.C. § 2267. Examination of those
15  various purported bases of jurisdiction, however, in conjunction with Plaintiff's papers,
16  shows unequivocally the Court's  jurisdiction here depends on the merits of Plaintiff's
17  argument that the credit issue was already determined in the prior litigation presided
18  over by Judge Shubb.

19         In short, Plaintiff  contends that the County has "affirmatively violated" Judge
20  Shubb's Order by petitioning the WCAB for credit rights in the face of an  Order which
21  "included  not only a waiver of lien rights, but also a waiver of 'other rights of recovery'
22  which includes credit rights."  See Opp'n at 1: 14-26.  Plaintiff accordingly asks the Court
23  to enforce Judge Shubb's order which he describes as having "permanently adjudicated"
24  these issues. Id. at 9:3-5.  It follows that unless Judge Shubb's order does encompass
25  credit rights, jurisdiction over this matter does not apply.

26         The All Writs Act simply gives federal court's power to "issue all writs necessary
27  or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651 (a).
28  ///

The Act therefore provides federal courts with a procedural tool to enforce jurisdiction already derived from another source. Burr & Forman v. Blair, 470 F.3d 1019, 1027 (11th Cir. 2006). If the credit rights at issue were not encompassed by the lien waiver approved by Judge Shubb, there is, by definition, no basis for this Court to enforce Judge Shubb's Order in the prior case.

Plaintiff's attempt to invoke jurisdiction under the Anti-Injunction Act similarly depends on a finding that Judge Shubb's Order encompassed workers' compensation credit rights. The Anti-Injunction Act provides that a federal court cannot, with certain exceptions, enjoin state court proceedings. One of those exceptions permits issuance of an injunction by a federal court if "necessary to in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff alleges that the present matter falls within this so-called "relitigation exception."

The relitigation exception to the Anti-Injunction Act is "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988). The key to application of the exception is whether the issue was in fact decided in the prior proceeding. In making that determination, the party seeking to come within the exception, here Plaintiff, must first show that the issue previously decided was the same issue as the one present in the state tribunal sought to be enjoined. Smith v. Bayer Corp.,131 S. Ct. 2368, 2376 (2011) At the very least, the issues must be "intimately linked" if not identical. Bennett v. Medtronic, Inc., 285 F.3d 801, 805 (9th Cir. 2002). Second, the parties must have been substantially the same in the federal action and the subsequent state tribunal. Id. The party seeking to avail himself of the relitigation exception must make a "strong and unequivocal showing" that both these elements are satisfied. LCS Services, Inc. v. Hamrick, 925 F.2d 745, 749 (4th Cir. 1991). Any exception to the Anti-Injunction Act must be narrowly construed, with doubts as to the propriety of enjoining a state court proceeding resolved in favor of permitting state action to move forward, Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

Here, while the County was not strictly a party to the prior third-party action, it attempted to intervene and did apply for a lien against any recovery, with its waiver of that lien eventually endorsed by the Court. The salient issue thus becomes whether the issues in the federal action with regard to waiver, and the state WCAB pertaining to credit, are identical, or nearly so.  A determination that they are not the same deprives the Court of jurisdiction under either the All Writs Act or the relitigation exception to the Anti-Injunction Act.[4]

Not surprisingly, Plaintiff maintains that "[t]he issues resolved by Judge Shubb's Order and the issues currently before the WCAB in the Petition for Credit are intimately linked and identical." Opp'n, 10:10-12.  Defendant County, on the other hand, has consistently argued that the lien rights at issue in the prior action had nothing to do with workers' compensation credit which was not an issue before the Court in the prior proceeding.  While Plaintiff tries to argue that "credit" is a form of recovery, with recovery being addressed by Judge Shubb's Order, Defendant counters that "credit is not a recovery but instead is a right that relieves the employer from having to pay further compensation to the employee after [a] third party settlement."  Def.'s Mot., 12:19-22; see Cal. Labor Code § 3858 (employer shall be "relieved from the obligation to pay further compensation" to or on behalf of the employee up to the entire amount of the balance of the settlement or judgment).

That brings us, then, to the central issue of whether Judge Shubb's Order encompasses credit or is instead limited only to waiving any lien right with respect to settlement recoveries obtained by Plaintiff in his third-party litigation against the helicopter manufacturer.

---

[4] Although Plaintiff also cites supplemental jurisdiction and The Declaratory Judgment Act as a basis for jurisdiction, neither can possibly confer jurisdiction independently. See 28 U.S.C. § 1367 (supplemental jurisdiction requires underlying original jurisdiction and merely "adds" to that jurisdiction as indicated to adjudicate related non-federal claims); Countryside Home Loans, Inc. v. Mortg. Guar. Ins. Corp., 642 F.3d 849, 853 (9th Cir. 2011) (explaining that the Declaratory Judgment Act does not itself confer jurisdiction). Consequently, absent some breach of a prior court order that confers jurisdiction either under the All Writs Act or the Anti-Injunction Act, neither declaratory judgment nor supplemental jurisdiction suffice in establishing this Court's jurisdiction.

The Court lacks jurisdiction if the two concepts are not sufficiently identical, and if the waiver of any lien rights with respect to the third-party settlement proceeds does not encompass credit in a separate workers' compensation proceeding.

In answering that question, the Court first looks to the language of the waiver itself. As the County points out, nowhere does the waiver say anything about "credit" rights; instead, it refers only to "lien rights. . . against Plaintiffs' settlement recoveries" in the third-party case. Pl.'s Compl., Ex. F at 3:2-4. Therefore the express terms of the waiver do not address the concept of credit in any way. Plaintiff tries to get around that shortcoming by arguing that because the waiver applies to "all lien rights and/or other rights of recovery," it should also apply to "credit" which Plaintiff maintains is a form of "recovery." That argument is unpersuasive. Irrespective of whether a "lien" or "other rights of recovery" is involved, both concepts specifically relate to Plaintiff's "settlement recoveries" in his case against Turbomeca. The waiver is utterly silent with regard to any impact on separate workers' compensation proceedings.[5]

The failure of the waiver language to extend to credit represents a fatal flaw in Plaintiff's effort to come within this Court's ancillary jurisdiction. The right to credit in WCAB proceedings and the right to a lien in the third-party action are "separate and distinct." Herr v. WCAB, 98 Cal. App. 3d 321, 327 (1979). "[M]erely failing to raise the credit issue in the original proceeding does not waive the employer's right to subsequently claim it." Hodge v. WCAB, 123 Cal. App. 3d 501, 510 (1981).

As Herr notes, the waiver or settlement of a lien claim in a civil action is "not necessarily a settlement or waiver of its credit right." Herr, 123 Cal. App. 3d at 328.

---

[5] This distinguishes our case from a workers' compensation case cited by Plaintiff in support of his position. In County of San Mateo v. WCAB, 48 Cal. Comp. Cases 244 (1983), the County of San Mateo executed a release for "all liens, claims, demands, actions and causes of action… arising out of or in any way connected with" the industrial accident. Id. Even though credit was not specifically mentioned, the workers' compensation judge found that the County had waived credit rights given the breadth of its release. In addition to being an unpublished digest opinion, the San Mateo case also is factually distinguishable given its broad release language as opposed to the wording of Judge Shubb's Order, which pertains to "lien rights and/or other rights or recovery. . . against the Plaintiff's settlement recoveries." Pl.'s Compl., Ex. F at 3:2-4.

1  Herr, like the case presently before the Court, hinged on the question of whether an
2  employer's resolution of lien rights against the injured employee's personal injury
3  recovery precluded the employer from later asserting workers' compensation credit
4  rights.  The Court noted that the settlement agreement encompassing the lien contained
5  no express waiver of the employer's credit rights.  Nor did the record scrutinized by the
6  Herr court reveal "that any promise or representation of waiver of credit right was made
7  by [the employer] in conjunction with the settlement." Id.  To the contrary, the evidence
8  indicated that "the question of credit was not even considered at the time of settlement."
9  Id.  Under those circumstances, Herr found no waiver of the employer's credit rights.

10            Herr is factually distinguishable from the present case on grounds that the
11 employer's lien there was settled by way of a compromise settlement later recorded by
12 the court, as opposed to the case at bar which contained an actual waiver of all lien
13 rights.  That distinction, however, fails to make Herr's logic any less compelling.  The
14 lesson of Herr is that a lien settlement which does not directly address credit rights
15 cannot prevent the employer from subsequently asserting those rights.  That finding is
16 equally applicable here.  There is no reference in Judge Shubb's Order to either credit
17 rights or the California statute authorizing those rights (Cal. Labor Code § 3861), an
18 omission which can only have been expected since the issue of such credit was not
19 contemplated, let alone litigated, in the prior federal case.  The County merely decided to
20 withdraw its lien in Plaintiff's third-party action and to pursue its right of reimbursement in
21 a separate action. The issue or worker's compensation credits was not before the Court
22 in the previous action, a fact not surprising given the fact that the WCAB has exclusive
23 jurisdiction in adjudicating the entitlement to such credits.  See Slayton, 271 Cal. App. 2d
24 at 230-31.

25           This Court declines to interpret or to read into Judge Shubb's Order a term that
26 does not exist.  Plaintiff has made no persuasive showing, let alone put forward the
27 requisite "strong and unequivocal" evidence, necessary to establish that the relitigation
28 exception to the Anti-Injunction Act applies.  LCS Services, 925 F.2d at 749.

Additionally, because there is no basis for concluding that Judge Shubb's Order addressed credit rights, there is also no conceivable basis for this Court's jurisdiction under the All Writs Act.

Because Plaintiff has identified no basis for this Court's jurisdiction over this matter, the present action must be dismissed on that basis. Plaintiff's substantive arguments against the County's credit rights, which include the contention that the County waived those rights because it paid workers' compensation benefits for some five years before terminating them in 2013, are issues that must be addressed by the WCAB rather than by this Court.

**CONCLUSION**

As set forth above, the Court lacks any ancillary jurisdiction over workers' compensation credit rights in this matter because Judge Shubb's Order did not address such rights, and because they otherwise fall within the exclusive purview of the WCAB. This Court is a court of limited jurisdiction, and none of the proffered bases of federal jurisdiction apply to the instant dispute. Because Plaintiff's Complaint fails on jurisdictional grounds under Rule 12(b)(1), the Court need not address the additional arguments Defendant advances in favor of dismissal under Rule 12(b)(5), (6) and (7) and declines to do so. Moreover, because this Court does not believe the jurisdictional defects here can be resolved through amendment, no leave to amend will be permitted. Defendant's Motion to Dismiss (ECF No. 5) is therefore GRANTED, with prejudice. The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated: February 10, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT